# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ELIZABETH RETAIL PROPERTIES LLC; JUDITH L. ANSTETH JEWELERS, INC.; and JUDITH ARNELL, an individual**,<br><br>Plaintiffs,<br><br>v.<br><br>**KEYBANK NATIONAL ASSOCIATION, a national banking association**,<br><br>Defendant. | Case No. 3:13-cv-2045-SB<br><br>ORDER |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on March 10, 2017. ECF 110. Judge Beckerman recommended that Defendant's Motion for Summary Judgment (ECF 77) be granted and Defendant's Motion to Strike (ECF 97) be denied as moot.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Plaintiffs timely filed an objection. ECF 112. Plaintiffs object to Judge Beckerman's Findings and Recommendation "in their entirety." ECF 112 at 5. First, Plaintiffs argue that Judge Beckerman omitted key facts from the record and misinterpreted other material facts. When viewed in the light most favorable to Plaintiffs, Plaintiffs argue, the facts give rise to a genuine dispute of material fact as to whether Defendant breached its implied contractual duty of good faith and fair dealing to Plaintiffs. Second, Plaintiffs argue that the Court's denial of Defendant's motion to dismiss Plaintiffs' claim for "bad faith breach of contract" controls the Court's decision on Defendant's motion for summary judgment against the same claim. Third, Plaintiffs argue that Plaintiffs Judith L. Ansteth Jewelers, Inc. and Judith Arnell should be allowed to pursue their defamation claim against Defendant, despite the fact that the Court previously dismissed this claim with leave to re-plead, and Plaintiffs never filed an amended complaint. Fourth, Plaintiffs argue that there is a genuine dispute of material fact as to whether Defendant defamed Plaintiff Elizabeth Retail Properties LLC by representing to the public and Plaintiff's customers that Plaintiff was in default and that Defendant was entitled to foreclose on Plaintiff's property. Fifth, Plaintiffs argue that they should be allowed to pursue a defamation claim against Defendant on a theory not contained in any pleading. The Court has reviewed *de novo* Judge Beckerman's Findings and Recommendation, as well as Plaintiffs' objections and Defendant's response. The Court agrees with Judge Beckerman's reasoning in the Findings and Recommendation and ADOPTS the Findings and Recommendation.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S.

140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Beckerman's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. To the extent there are portions of the Findings and Recommendation to which neither party has objected, the Court finds that there is no clear error on the face of the record.

The Court **ADOPTS** Judge Beckerman's Findings and Recommendation, ECF 110. Defendant's Motion for Summary Judgment (ECF 77) is **GRANTED**, and Defendant's Motion to Strike (ECF 97) is **DENIED** as moot. The Court does not believe that oral argument would be helpful and thus denies Plaintiff's request.

**IT IS SO ORDERED.**

DATED this 19th day of April, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 3 – ORDER